1 **WO**

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                       FOR THE DISTRICT OF ARIZONA

8

9    John Patrick McClure,                 )    No. CV-05-2132-PCT-JAT (JI)
                                           )
10                    Petitioner,          )    **ORDER**
                                           )
11   vs.                                   )
                                           )
12                                         )
     Johnny Tucker, et. al.,               )
13                                         )
                      Respondents.         )
14                                         )
                                           )
15   _____)

16          On July 19, 2005, Petitioner filed the currently pending Petition for Writ of Habeas

17   Corpus. (Doc. #1).  On March 10, 2006, Respondent filed a Response to Petitioner's Petition

18   for Writ of Habeas Corpus.  (Doc. #18).   On April 20, 2006, Petitioner filed a Reply to

19   Respondent's Response and also requested appointed counsel. (Doc. #22).  On July 17, 2006,

20   the Magistrate Judge issued a Report and Recommendation ("R&R") recommending that the

21   Petition be dismissed with prejudice and that Petitioner's request for appointment of counsel

22   be denied. (Doc. #31).  Petitioner filed objections to the Report and Recommendation. (Doc.

23   #32).

24          This Court "may accept, reject, or modify, in whole or in part, the findings or

25   recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).  It is "clear that the

26   district judge must review the magistrate judge's findings and recommendations *de novo if*

27   *objection is made*, but not otherwise."  *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121

28   (9th Cir. 2003) (*en banc*) (emphasis in original); *Schmidt v. Johnstone*, 263 F.Supp.2d 1219,

1126 (D.Ariz. 2003) ("Following *Reyna-Tapia*, this Court concludes that *de novo* review of factual and legal issues is required if objections are made, 'but not otherwise.'").  District courts are not required to conduct "any review at all . . . *of any issue* that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985) (emphasis added); *see also* 28 U.S.C. § 636(b)(1) ("the court shall make a *de novo* determination of those portions of the [report and recommendation] to which objection is made.").  Because Petitioner filed objections in this case, the Court will review the objected-to portions of the R&R *de novo*.

The Petition in this case was filed under 28 U.S.C. § 2254 because Petitioner is incarcerated based on a state conviction.  With respect to any claims that Petitioner exhausted before the state courts, under 28 U.S.C. §§ 2254(d)(1) and (2) this Court must deny the Petition on those claims unless "a state court decision is contrary to, or involved an unreasonable application of, clearly established Federal law"[1] or was based on an unreasonable determination of the facts.  *See Lockyer v. Andrade*, 538 U.S. 63, 70 (2003).  Further, this Court must presume the correctness of the state court's factual findings regarding a petitioner's claims. 28 U.S.C. § 2254(e)(1); *Ortiz v. Stewart*, 149 F.3d 923, 936 (9th Cir. 1998).

In this case, Petitioner raised four claims.  Petitioner objected to the Magistrate Judge's recommendation on three of the four claims.  The factual and procedural history of

---

[1] Further, in applying "Federal law" the state courts only need to act in accordance with Supreme Court case law. *See Clark v. Murphy*, 331 F.3d 1062, 1069 (9th Cir. 2003)("In attempting to answer [whether the state court applied Federal law in an objectively reasonable manner], the only definitive source of clearly established federal law under AEDPA is the holdings (as opposed to the dicta) of the Supreme Court as of the time of the state court decision. *Williams* [*v. Taylor*], 529 U.S. [362], 412 [(2000)]. While circuit law may be 'persuasive authority' for purposes of determining whether a state court decision is an unreasonable application of Supreme Court law, *Duhaime v. Ducharme*, 200 F.3d 597, 600-01 (9th Cir.1999), only the Supreme Court's holdings are binding on the state courts and only those holdings need be reasonably applied. *See Williams*, 529 U.S. at 412 ('The ... statutory language makes clear ... that § 2254(d)(1) restricts the source of clearly established law to this Court's jurisprudence.').").

1    Petitioner's case is recounted in the R&R.  R&R at 1-7.  The objections add additional

2    information to those facts, but the Court finds the objections do not materially alter the facts

3    and hereby accepts the factual and procedural history as recounted in the R&R.

4         In the R&R, the Magistrate Judge recounts the law of exhaustion in habeas cases,

5    procedural default, excusing procedural default (cause and prejudice or actual innocence),

6    dismissal with prejudice, and appointment of counsel.  R&R at 7-18.  Petitioner does not

7    dispute this recounting of the law governing habeas petitions in Federal Court and

8    appointment of counsel for habeas petitioners; this Court hereby accepts this legal analysis.

9    **I.    Claims 1 and 3 - Fair Trial and Due Process**

10        In the R&R, the Magistrate Judge concludes that Petitioner's fair trial and due process

11   claims were not exhausted before the state courts, are procedurally defaulted, and that

12   Petitioner has not shown cause and prejudice or actual innocence.  R&R at 12-15.  Petitioner

13   objects to the Magistrate Judge's findings on exhaustion and argues that he did exhaust these

14   claims in state court.  Objections at 2-3.

15        As noted in the R&R, to exhaust in state court, the Petitioner must have raised his fair

16   trial and due process claims as federal claims, and not as, "a state claim that is analogous or

17   closely similar to a federal claim." *Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005).

18   Petitioner argues he has met the requirements of exhaustion because he raised the fair trial

19   issues of failure to remove a juror who claimed to have seen Petitioner in an altercation with

20   police and failure to provide a copy of the police procedures manual upon request by the jury,

21   and the due process issues of failure to admit evidence of the police procedures manual and

22   failure to admit evidence of the passenger's blood to show drug use, during his original trial.

23   However, it is clear that merely raising issues of fair trial and due process during trial without

24   alleging a specific federal constitutional violation is not enough to exhaust the claims. *See*

25   *Casey v. Moore*, 386 F.3d 896, 913 (9th Cir. 2004) ("Even where a petitioner argues that an

26   error deprived him of a 'fair trial' or the 'right to present a defense,' unless the petitioner

27   clearly alerts the court that he is alleging a specific federal constitutional violation, the

28

petitioner has not fairly presented the claim."). Because Petitioner did not allege a specific federal constitutional violation when he raised the fair trial and due process issues during trial, the Court finds Petitioner's objection to the Magistrate Judge's exhaustion findings on claims 1 and 3 to be unpersuasive. Additionally, Petitioner does not object to the Magistrate Judge's findings on procedural default, cause and prejudice, or actual innocence; this Court hereby accepts and adopts those findings. Therefore, Petitioner's request for habeas relief based on his fair trial and due process claims will be denied.

## II.    Claim 2 - Ineffective Assistance of Counsel

In the R&R, the Magistrate Judge concludes that Petitioner's ineffective assistance of trial counsel claim was not exhausted before the state courts, is procedurally defaulted, and that Petitioner has not shown cause and prejudice or actual innocence. R&R at 9-12, 15-17. Petitioner does not object to the Magistrate Judge's findings on exhaustion, and this Court hereby accepts them. Petitioner objects to the Magistrate Judge's findings on procedural default, arguing that the procedural default on this claim should be excused because of cause and prejudice. Objections at 3.

As long as the state's procedural bar provides an independent and adequate state-law basis for upholding the petitioner's conviction and sentence, the federal courts may not, generally, review a procedurally defaulted claim in a petition for federal habeas relief unless the petitioner can demonstrate *cause* for their failure to follow reasonable state procedures and *prejudice* arising from their procedural default of the claim. *Gray v. Netherland*, 518 U.S. 152, 161-62 (1996) (emphasis added).[2]

Ordinarily, "cause" to excuse a default exists if a petitioner can demonstrate that "some objective factor external to the defense impeded counsel's efforts to comply with the

---

[2] Review is also appropriate if the petitioner demonstrates that habeas review is necessary to prevent a fundamental miscarriage of justice. *Murray v. Carrier*, 477 U.S. 478, 495-96 (1986). A fundamental miscarriage of justice occurs only when a Constitutional violation has probably resulted in the conviction of one who is actually innocent. *Id.*

State's procedural rule." *Coleman v. Thompson*, 501 U.S. 722, 753 (1991). Objective factors which constitute cause include interference by officials which makes compliance with the state's procedural rule impracticable, a showing that the factual or legal basis for a claim was not reasonably available to counsel, and constitutionally ineffective assistance of counsel. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). "Prejudice" is actual harm resulting from the alleged constitutional error or violation. *Magby v. Wawrzaszek*, 741 F.2d 240, 244 (9th Cir. 1984). To establish prejudice resulting from a procedural default, a habeas petitioner bears the burden of showing not merely that the errors at his trial constituted a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with errors of constitutional dimension. *United States v. Frady*, 456 U.S. 152, 170 (1982). Additionally, an ineffective assistance of counsel claim asserted as cause for another procedurally defaulted federal claim can itself be procedurally defaulted, and, unless the state prisoner can satisfy the cause and prejudice standard for the procedurally defaulted ineffective assistance of counsel claim, that claim cannot serve as cause for another procedurally defaulted claim. *Edwards v. Carpenter*, 529 U.S. 446, 453 (2000).

This Court agrees with the Magistrate Judge's finding that Petitioner's ineffective assistance of trial counsel claim was disposed of by the state's application of its independent and adequate procedural bar precluding the presentation of a claim for the first time in a petition for review. R&R at 16. Additionally, Petitioner's cause argument is unpersuasive and he does not make any showing of prejudice. Petitioner argues that the cause element is satisfied because his attorney for his Post-Conviction Relief (PCR) Petition for Review did not inform him of the need to raise his claims under federal law. However, this claim of ineffective assistance of PCR counsel has not been exhausted because this petition is the first time Petitioner has raised it. Therefore, it cannot qualify as cause.

Additionally, even if Petitioner's ineffective assistance of PCR counsel claim could qualify as cause for his other ineffective assistance of counsel claims, Petitioner has made no showing of prejudice. Petitioner has also not made a claim of actual innocence or

1   fundamental miscarriage of justice.  Accordingly the R&R will be accepted and adopted on
2   this claim and Petitioner's request for habeas relief based on his ineffective assistance of
3   counsel claims will be denied.

4   **III.     Claim 4 - Illegal Traffic Stop**

5           In the R&R, the Magistrate Judge concludes that Petitioner's illegal traffic stop claim
6   was not exhausted before the state courts, is procedurally defaulted, and that Petitioner has
7   not shown cause and prejudice or actual innocence.  R&R at 13-15.  Petitioner does not
8   object to these findings.  Accordingly, the R&R will be accepted and adopted on this claim.

9   **IV.     New Claims Raised in Objections**

10          In the Objections, Petitioner raises two new issues not previously raised.  (Doc. #21,
11  Objections A & C.)  He claims (A) that his trial counsel was ineffective because of a failure
12  to present pictures of the pea granite at trial; and (B) that he could not adequately represent
13  himself through the state appeals process because there is no law library or adequate legal
14  aid in the prison system.  (*Id*. at 2-3.)  This is the first time these claims have been presented.
15  Federal courts are to construe liberally the "inartful" pleadings of pro se litigants.  *Eldridge*
16  *v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987).   Thus, although Petitioner does not
17  specifically state in his pleading that he is attempting to amend his habeas petition, the court
18  will "liberally construe" this as an attempt to amend his Petition to add new claims.
19  However, because Petitioner has not presented such amendments in a timely manner, the
20  Court will deny Petitioner's attempt to amend.

21          Pursuant to 28 U.S.C. § 2242, a habeas petition may be amended "as provided in the
22  rules of procedure applicable to civil actions."  Rule 15(a) allows a party to amend his
23  complaint by leave of the court, and such leave "shall be freely given when justice so
24  requires." Fed. R. Civ. P. 15(a).  However, the Ninth Circuit has found that a district court
25  was correct in denying leave to amend a habeas petition where allowing amendments would
26  be futile because the amendments are late, duplicative, or patently frivolous.  *Bonin v.*
27  *Calderon*, 59 F.3d 815, 846 (9th Cir. 1995).  Petitioner did not raise these claims in a timely

28                                        - 6 -

1    manner, and, as discussed below, the newly added claims are without merit.  Accordingly,

2    Petitioner's attempt to add new claims at this late stage of the proceedings will be denied.

3            **A.    Ineffective Assistance of Counsel**

4            Petitioner's newly added ineffective assistance of trial counsel claim, based upon

5    counsel's failure to present pictures of the pea granite during trial, would fail based upon the

6    same grounds as his other ineffective assistance of counsel claims.  As discussed above,

7    Petitioner's ineffective assistance of counsel claims were not exhausted before the state

8    courts, are procedurally defaulted, and Petitioner has not shown cause and prejudice or actual

9    innocence.  Thus, this claim would fail even if the Court allowed it to be added at this late

10   stage of the proceedings, which it will not do.

11           **B.    Access to Library and Legal Aid**

12           Petitioner's newly added claim regarding his lack of access to a law library or

13   adequate legal aid during the state appeals process would similarly fail on the merits even

14   if the Court allowed its late addition to Petitioner's habeas Petition.  Petitioner makes no

15   specific showing as to why the legal aid he received through the prison system was

16   inadequate, nor does he assert a specific federal constitutional violation in connection with

17   this claim.  Thus, the claim fails on the merits.

18           In addition to failing on the merits, this claim has not been exhausted before the state

19   courts because this is the first time it has been presented, and Petitioner would now be

20   procedurally barred from doing so for the reasons stated in the R&R and adopted by this

21   Court regarding his other claims.  Accordingly, this claim would fail on multiple grounds

22   even if the Court were to allow it to be added at this late stage, which it will not do.

23   **V.    Appointment of Counsel**

24           In the R&R, the Magistrate Judge concludes that Petitioner's request for counsel failed

25   to make the showing necessary to justify the Court appointing counsel.  R&R at 17-18.

26   Petitioner objects and argues that counsel should be appointed for him based upon the

27   complexity of the case and the issues presented.  Objections at 3-4.  However, Petitioner

28

1  provides no support for this contention beyond stating that "this case warrants an extreme

2  amount of discovery."  Objections at 4.

3         Thus, this Court agrees with the Magistrate Judge's findings that Petitioner asserts no

4  specific circumstances, beyond those routinely faced by *pro se* prisoners, that would require

5  appointment of counsel to ensure Petitioner is afforded due process in these proceedings.

6  R&R at 18.  A desire to discover the Prescott Valley police pursuit policy prior to August 1,

7  2000, is not so complex or burdensome that lack of counsel's assistance would amount to a

8  denial of due process.[3]  Indeed as the R&R concludes, Petitioner has shown himself capable

9  of marshaling evidence and arguments in support of his Petition without the assistance of

10  counsel.  R&R at 18.  Accordingly, Petitioner's request for appointment of counsel will be

11  denied.

12         **Based on the foregoing**,

13         **IT IS ORDERED** that the Report and Recommendation (Doc. #31) is accepted and

14  adopted as specified above, the objections (Doc. #32) are overruled, the Petition for Writ of

15  Habeas Corpus is denied, with prejudice, and the request for appointment of counsel is

16  denied; the Clerk of the Court shall enter judgment accordingly.

17         DATED this 11th day of April, 2007.

18

19

20  _____
              James A. Teilborg
21            United States District Judge

22

23

24

25

26         [3]Additionally, because all of Petitioner's claims are unexhausted and procedurally
   defaulted, there is no reason to think pursuing this discovery would change the result of this
27  Petition.

28                                            - 8 -